*[17]
 
 SCHWAB, C. J.
 

 The state appeals from the circuit court’s order compelling it to submit to arbitration and contends, inter alia, that the circuit court had no jurisdiction to make such an order.
 

 In June 1975, the state and the Oregon State Employes Association entered into a collective bargaining agreement covering all classified state employes, including petitioner. Article XI, § 3, of that agreement provides:
 

 "When a grievance matter has been processed through an agency grievance procedure without satisfaction for the grieving employe, the employe or his/her representative may present the matter for review by the Personnel Division. Should such review produce a decision adverse to the employe, or should there be no written decision from the Personnel Division within fifteen days of filing the grievance, the employe or his/her representative may, within fifteen days thereafter:
 

 "(1) Appeal any matter for which there is exclusive statutoiy remedy to the Public Employe Relations Board.
 

 "(2) In any grievance, the subject of which relates to the application of a written rule, regulation, or policy, or established past practices relating to employment relations, the employe and his/her representative may elect to appeal the matter through the Public Employe Relations Board or through binding arbitration in accordance with the procedure provided in Section 1 of this Article, provided, however, that the Employe Representative shall not be responsible for the employe’s costs unless it has agreed to represent the employe.
 

 "It is agreed that the Personnel Division may request an appropriate extension of this time limitation where extensive investigation or study may be appropriate to establish resolution of the grievance in question. Such extension of time shall be mutually agreed to and made a written part of the grievance record.”
 

 Petitioner, an employe of the Employment Division, objected to the composition of a board which gave him
 
 *[18]
 
 a promotional merit rating, and in January 1976 filed a grievance with the Employment Division challenging the rating. Petitioner unsuccessfully pursued his grievance through the Employment Division, and in March 1976 the Personnel Division rendered a decision adverse to petitioner. Petitioner requested that the grievance be submitted to arbitration pursuant to Article XI, § 3 (2), of the collective bargaining agreement. The Employment Division refused to submit the grievance to arbitration, contending that the Employment Relations Board (ERB) had exclusive jurisdiction over the matter. Petitioner then brought suit in circuit court to compel arbitration of the grievance.
 

 ORS 33.220 states:
 

 "A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, * * * provided the arbitration is held within the State of Oregon, [shall] be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.”
 

 ORS 33.230 states:
 

 "A party aggrieved by the failure, neglect or refusal of another to perform under a contract * * * providing for arbitration, described in ORS 33.220, shall petition the circuit court * * * for an order directing that the arbitration proceed in the manner provided for in the contract * * *. The court * * * shall hear the parties, and if satisfied that the making of the contract * * * or the failure to comply therewith is not an issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract * *
 

 These statutes, if considered in a vacuum, would seem to support petitioner’s contention that the circuit court was empowered to compel arbitration in this case.
 

 However, accepting petitioner’s factual contentions as true, it is clear that ERB also has jurisdiction over this matter. ERB is charged with the duty of hearing and deciding all unfair labor practice complaints
 
 *[19]
 
 concerning public employers.
 
 [1]
 
 ORS 243.676. ORS 243.672(l)(g) provides:
 

 "It is an unfair labor practice for a public employer or its designated representative to * * * [v]iolate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or to accept the terms of an arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them.”
 

 We find no indication that the legislature intended to vest the authority to compel arbitration in public-sector labor disputes in two separate forums. All indications are to the contrary. ORS 240.086 gives ERB the "primary responsibility of * * * foster[ing] and protecting] a merit system of personnel administration in state government.” As we noted in
 
 Springfield Ed. Assn v. Sch. Dist.,
 
 24 Or App 751, 757, 547 P2d 647, 25 Or App 407, 549 P2d 1141, Sup Ct
 
 review denied
 
 (1976):
 

 "* * * The legislature, by enacting the Public Employe Collective Bargaining Law and giving ERB the authority to administer that law evinces an intent to entrust ERB with the primary responsibility for resolving labor disputes in the public sector. Inherent in this grant of authority is the power to interpret and construe the statutory scheme which ERB was created to implement. * * *”
 

 We conclude that, given the pervasive regulatory powers granted ERB over public-sector labor relations and the fact that the statutes creating ERB and enumerating its powers with specificity were enacted subsequent to those general in scope which authorize circuit courts to enforce arbitration agreements, the legislature would have placed exclusive jurisdiction to compel arbitration in cases such as this in ERB. The specific — here ORS 243.676 and 243.672(1)(g)— governs the general — here ORS 33.230.
 
 Thompson v. IDS Life Ins. Co.,
 
 274 Or 649, 549 P2d 510 (1976);
 
 State
 
 
 *[20]
 

 v. Pearson,
 
 250 Or 54, 440 P2d 229 (1968);
 
 see School Dist. No. 48 v. Fair Dis. App. Bd.,
 
 14 Or App 35, 512 P2d 799 (1973). Accordingly, the circuit court had no jurisdiction to compel arbitration of petitioner’s grievance. On remand, the circuit court is directed to vacate all of its judgments and decrees entered in this case and to dismiss petitioner’s complaint.
 

 In light of our disposition, we need not reach the remaining assignments of error.
 

 Reversed and remanded.
 

 [1]
 

 A
 
 Public employer is defined by OES 243.650(18) as "the State of Oregon or any political subdivision therein * *