Submitted on record and briefs February 14, affirmed March 13, 1978

STATE OF OREGON, *Respondent,*

*v.*

JOHN FRANCIS STEHLE, *Appellant.*

(No. 49172, CA 8891)

575 P2d 994

Edward L. Daniels, Daniels & Corrigall, Albany, filed the brief for appellant.

James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

■  Defendant appeals from the trial court's order finding him to be a habitual traffic offender. Defendant contends on appeal that violations of the 55 miles per hour maximum speed limit should not be considered in determining whether an individual is a habitual traffic offender.

ORS 484.705(1)(b) provides:

> "* * * '[H]abitual offender' means any person * * * who within a five-year period, has been convicted of or forfeited bail for * * * [t]wenty or more of any one or more offenses involving the operation of a motor vehicle which violations are required to be reported to the [Motor Vehicles] division * * *."[1]

After receiving notification from the Motor Vehicles Division (Division) that defendant had received 26 traffic citations within the last five years for moving violations, 10 of which were for exceeding the 55 miles per hour maximum speed, the district attorney filed a complaint in circuit court pursuant to ORS 484.720[2] charging defendant with being a habitual traffic offender. After a hearing, the trial court found defendant to be a habitual traffic offender and ordered him to

---

[1] The offenses required to be reported to the Division include city and state moving traffic offenses. ORS 484.010(10); 484.705(2).

[2] ORS 484.720 provides:

"(1) The administrator of the division shall certify in triplicate an abstract of the operating record as maintained by the division, of a habitual offender to the district attorney of the county in which the person resides, as his residence is shown by the records of the division. * * * The certified abstract may be admitted in evidence and shall be prima facie evidence that the person named therein was duly convicted of each offense shown by the abstract. If such person denies any of the facts as stated therein, he shall have the burden of proving that the fact is untrue.

"(2) The district attorney upon receiving the abstract shall forthwith file a complaint against the person named therein in the circuit court for the county in which such person resides, charging him with being a habitual offender. * * *"

surrender all Oregon licenses to operate motor vehicles.[3]

Defendant contends first that ORS 487.477 indicates that the legislature did not intend to include violations of a maximum speed limit as offenses under the habitual offenders law. ORS 487.477 provides:

> "In no event shall the division suspend or revoke a person's license, permit or privilege to drive a motor vehicle in this state *solely* on the grounds that such a person has incurred one or more convictions of a violation of [the 55 miles per hour speed limit]." (Emphasis supplied.)

The inclusion of the word "solely" in ORS 487.477 defeats defendant's contention.

Defendant next argues that his twentieth traffic infraction was that of violating the 55 miles per hour maximum speed and thus he was held to be a habitual offender "solely" on the basis of violating the 55 miles per hour maximum speed. Defendant's argument overlooks that the state must show 19 other convictions in order to meet its burden of proving that an individual is a habitual offender. Thus it can hardly be said that defendant's status of habitual offender was based "solely" on the twentieth infraction.

---

[3]The trial court's order was made pursuant to ORS 484.730, which provides:

> "If the court finds that the person before the court is not the person named in the abstract, or that he is not a habitual offender, the proceeding shall be dismissed; but if the court finds that the person before the court is the person named in the abstract and that the person is a habitual offender, the court shall so find and by appropriate order direct the person not to operate a motor vehicle on the highways of this state and to surrender to the court all licenses or permits to operate a motor vehicle on the highways of this state for disposal in accordance with ORS 482.470. The clerk of the court shall file with the division a copy of the order whereupon the division shall forthwith revoke the license of the person to operate motor vehicles."

Upon being adjudged a habitual traffic offender, an individual may not obtain a regular license to operate a motor vehicle for 10 years, though the individual may obtain, at the discretion of the Division, a renewable one-year probationary license to operate a motor vehicle. ORS 484.735 (1), (2).

■ Lastly, defendant contends that ORS 484.710(1)[4] indicates that the general policy of the habitual offenders law is to provide safety for motorists and that under the terms of ORS 487.475(1),[5] the legislature stated that the purpose of the 55 miles per hour maximum speed limit rule was to conserve fuel. However, ORS 484.705(1) requires that violations of the 55 miles per hour maximum speed be considered in determining if an individual is a habitual offender. When a specific statute conflicts with a general policy statement, the specific, here ORS 484.705(1), controls the general, here ORS 484.710(1). *See Smith v. State of Oregon,* 31 Or App 15, 19-20, 569 P2d 677 (1977), *rev den* (1978).

Affirmed.

---

[4] ORS 484.710(1) provides:

"It is hereby declared to be the policy of this state:

"(1) To provide maximum safety for all persons who travel or otherwise use the public highways of this state."

[5] ORS 487.475(1) provides:

"Whenever the Oregon Transportation Commission determines that there is a need to conserve fuel because of current or imminent fuel shortages, and further that limiting the maximum speeds of vehicles will conserve motor fuel, the Department of Transportation is authorized to fix a maximum speed of not more than 55 miles per hour upon all highways within the state. A maximum speed limit so set shall not be subject to the provisions of ORS 487.465, except where a special hazard or condition exists that requires a lower speed for compliance with ORS 487.465. The maximum speed limit shall also not be subject to ORS 487.480, 487.490 or 487.510."