Argued and submitted November 8, 1982, affirmed September 28, reconsideration denied November 18, 1983, petition for review denied January 10, 1984 (296 Or 253)

# SCHOOL DISTRICT 115,
## Clackamas County, Oregon,
*Respondent - Cross-Appellant,*

*v.*

# OREGON SCHOOL EMPLOYEES
# ASSOCIATION, CHAPTER 66,
*Appellant - Cross-Respondent.*

## (81-2-378; CA A23517)

669 P2d 821

Paul B. Meadowbrook, General Counsel, Oregon School Employees Association, Salem, argued the cause and filed the briefs for appellant - cross-respondent.

Paul D. Schultz, Oregon City, argued the cause for respondent - cross-appellant. With him on the brief was Hibbard, Caldwell, Bowerman, Schultz & Hergert, Oregon City.

Before Joseph, Chief Judge, and Warden and Van Hoomissen, Judges.

WARDEN, J.

**WARDEN, J.**

This is an action for reformation of a collective bargaining agreement. The trial court dismissed the complaint for lack of subject matter jurisdiction and directed the depositary of funds it had ordered the district to pay into a court-supervised account to deliver those funds to the district. The association appeals, seeking reversal of that portion of the judgment releasing the disputed funds to the district. The district cross-appeals, seeking reversal of that portion of the judgment dismissing the complaint for lack of jurisdiction. We affirm.

The facts are not in dispute. After executing the written contract that resulted from the parties' collective bargaining, the district discovered that the 1 percent salary increase for hourly employes agreed upon had inadvertently been recorded in the document as a 10 percent increase. The district demanded that the contract be rewritten to conform to the agreement. The association refused to comply.

The district brought this action in equity for reformation of the contract and for a decree permitting it to recover the amounts allegedly overpaid in prior pay periods.[1] It secured an order authorizing it to reduce the pay of its hourly employes to 1 percent more than it had been paying under their preceding contract and to deposit the disputed 9 percent into an interest-bearing bank account pending the outcome of the suit. The association moved to dismiss the complaint on the ground that the trial court lacked jurisdiction to reform the contract, because primary jurisdiction over collective bargaining agreements is vested in the Oregon Employment Relations Board (ERB). The trial court granted the motion to dismiss. It also set aside the order directing the district to deposit the disputed 9 percent into the bank account and released to the district the funds it had deposited in that account.

We first consider whether the trial court had jurisdiction to reform the contract and conclude that it did not. Jurisdiction for unfair labor practice complaints rests exclusively with ERB. *AFSCME v. Executive Dept.,* 52 Or App 457, 465, 628 P2d 1228, *rev den* 291 Or 771 (1981); *see also Smith v. State of Oregon,* 31 Or App 15, 569 P2d 677 (1977), *rev den* 281 Or 99

---

[1] The district paid the 10 percent increase in salaries from August, 1980, through January, 1981. The total amount allegedly overpaid was $7,709.80.

(1978). The district concedes that ERB would have jurisdiction if an unfair labor practice complaint was at issue but contends that ERB lacks jurisdiction in this case, because the district did not charge its employes with an unfair labor practice. At the same time, it argues that, because ERB has exclusive jurisdiction to decide unfair labor practice complaints, the trial court lacked jurisdiction to find that an unfair labor practice was at issue and, therefore, could not determine that it lacked subject matter jurisidiction. It goes on to argue that, because the complaint merely sought reformation of a collective bargaining agreement, jurisdiction was vested in the circuit court. We do not find the argument persuasive. Suffice it to say that, with few exceptions,[2] every court has the power, even the duty,[3] to determine whether it has jurisdiction to decide the matter before it.

■■ Under ORS 243.672(2)(e), it is an unfair labor practice for a labor organization to refuse to reduce an agreement, reached as a result of collective bargaining, to writing and to sign the resulting contract. It is also an unfair labor practice to refuse to reform an executed document that does not reflect the parties' agreement. *See Gresham Tchrs. v. Gresham Gr. Sch.,* 52 Or App 881, 630 P2d 1304 (1981). The district alleges that the salary rate agreed on through collective bargaining was incorrectly reflected in the written contract through mutual mistake of the parties. It also alleges that it demanded that the contract be rewritten to conform to the parties' agreement and that the association refused to comply. Applying the law to the facts, the trial court correctly found that an unfair labor practice, subject to the exclusive jurisdiction of ERB, was at issue.

■ The district cannot invoke circuit court jurisdiction merely by characterizing its action as reformation of a contract. As the Supreme Court has noted, "[C]ollective bargaining agreements are not 'ordinary contracts' and are not 'governed by the same old common law concepts which control

---

[2] ORS 46.063 provides:

"* * * [W]here there is a dispute as to whether jurisdiction is in the district *court or some other court, the court before which the matter* is pending shall refer the question to the Court of Appeals which shall decide the question of jurisdiction in a summary manner. * * *"

[3] *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 377, 591 P2d 352 (1979).

such private contracts,' but are 'unique in character and a field unto themselves.' " *Pio v. Kelly,* 275 Or 585, 593, 552 P2d 1301 (1976). The trial court recognized that it lacked jurisdiction over the subject of the district's complaint and properly dismissed it.

■ We next consider the disposition of the disputed funds. The association contends that the trial court erred by ordering the funds returned to the district rather than to members of the association's bargaining unit. It argues that the effect of the trial court's order was to give the district the alleged overpayments it sought in the action, even though the trial court lacked jurisdiction to determine that question. It further argues that the portion of the order directing return of the moneys to the district necessarily was predicated upon a determination of the merits and, because the court lacked jurisdiction to determine the merits, it is void. The argument has facial appeal, but we are not persuaded.

The trial court, recognizing that it did not have jurisdiction of the subject matter of the case, merely dissolved its interlocutory order and returned the funds to their source. That disposition is not inconsistent with the court's correct determination that it lacked authority to order them paid into the court-supervised account in the first place, and the trial court did not err in ordering return of the funds to the district.

Affirmed.