Argued and submitted February 22, 1984, affirmed January 23, reconsideration denied April 5, petition for review denied June 4, 1985 (299 Or 251)

COLEMAN,
*Appellant,*

*v.*

CHILDREN'S SERVICES DIVISION et al,
*Respondents.*

(A8209-05353; CA A28416)

694 P2d 555

Paul J. Kelly, Jr., Portland, argued the cause for appellant. With him on the brief was Glasgow & Kelley, P.C., Portland.

Phillip Schradle, Assistant Attorney General, Salem, argued the cause for respondents Children's Services Division and Executive Department. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem.

Will Aitchison, Portland, argued the cause for respondent Oregon Public Employes Union Local 503, SEIU, AFL-CIO, CLC. On the brief were Charlene Sherwood and Aitchison & Sherwood, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff appeals from a judgment of the circuit court dismissing her complaint for want of subject matter jurisdiction. We affirm.

We take the facts from the complaint. Plaintiff was employed by Children's Services Division (CSD)[1] and was a member of a bargaining unit represented by Oregon Public Employes Union (OPEU) from July 1, 1981 to September 7, 1981, and covered by a collective bargaining agreement, which established a procedure for discipline and discharge. She was discharged on September 7, 1981, for "insubordination, misconduct, inefficiency and unfitness to render effective service in her position." Plaintiff protested the dismissal to both CSD and OPEU and timely requested that OPEU present and prosecute her grievance to binding arbitration, pursuant to the collective agreement, under which the union had the sole right to represent all covered employes in the prosecution of grievances, including dismissals. On September 17, 1981, OPEU filed a notice of intent to arbitrate plaintiff's dismissal but thereafter, over plaintiff's objections, abandoned the grievance. CSD refused to permit plaintiff to pursue the grievance herself or through another representative of her choice. As a result, plaintiff was unable to arbitrate her dismissal.

Thereafter, plaintiff filed her complaint in circuit court, alleging that CSD had wrongfully discharged her in violation of the collective bargaining agreement and that OPEU had breached its duty to represent her fairly. She sought damages for lost wages and employment benefits and reinstatement pending arbitration of her claim. The court granted defendants' motions to dismiss on the ground that it lacked subject matter jurisdiction over plaintiff's complaint, because the Employment Relations Board (ERB) has sole jurisdiction under ORS 243.672.

Plaintiff frames the issues in this appeal as follows:

"[F]irst, do plaintiff's claims against each of the defendants allege conduct clearly constituting unfair labor practices

---

[1] The Executive Department of the State of Oregon is also a named defendant. No independent liability is asserted against it; our reference to CSD includes the Executive Department.

as defined by statute; and, second, if so, did the Public Employe Collective Bargaining Act abolish independent causes of action based on such conduct in favor of granting ERB exclusive jurisdiction over such claims?"

We answer both of those questions in the affirmative. Plaintiff alleges that CSD violated the collective bargaining agreement by discharging her without proper cause and by refusing to arbitrate her grievance without the cooperation of the union. Clearly, that conduct is an unfair labor practice as defined in ORS 243.672(1)(g):

"(1) It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"* * * * *

"(g) Violate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or to accept the terms of an arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them."

Whether plaintiff's allegation that OPEU breached its duty of fair representation constitutes an unfair labor practice is more problematical, because a union's breach of that duty is not specifically covered by ORS 243.672(2), defining union unfair labor practices. However, ERB has recognized that there is a duty of fair representation created by statute and that a breach of that duty constitutes an unfair labor practice. *Powell v. Monmouth Police Officers Association,* 33 Or App 93, 575 P2d 175, 3 PECBR 2038 (1978); *West Linn Education Association v. West Linn School District No. 3JT,* 3 PECBR 1864 (1978). In *Powell,* the employe was a police officer who, after being discharged, requested that his union process his grievance. The union refused, and the employe filed an unfair labor practice complaint pursuant to ORS 243.672(2)(a).[2] ERB held:

"When a labor organization acts arbitrarily or in bad faith

_____

[2] ORS 243.672(2)(a) provides:

"(2) It is an unfair labor practice for a public employe or for a labor organization or its designated representative to do any of the following:

"(a) Interfere with, restrain or coerce any employe in or because of the exercise of any right guaranteed under ORS 243.650 to 243.782."

in processing, or refusing to process, a grievance the labor organization violates ORS 243.672(2)(a)."

It dismissed the complaint, however, after finding that the union had not acted arbitrarily or in bad faith.

Although plaintiff recognizes that ERB has interpreted the statutory definition of unfair labor practices to include a union's breach of its duty of fair representation, she contends that this court is not bound by ERB's interpretation. Defendants contend that, even though we are not bound by ERB's interpretation, we should give that interpretation substantial deference.

■ ORS 243.650 to 243.782 contain a complete legislative scheme that requires only agency interpretation. Where, as here, the statute is capable of different interpretations, it is the function of the agency to determine initially which interpretation is within the legislative policy. *Springfield Education Assn. v. School Dist.,* 290 Or 217, 225, 621 P2d 547 (1980). The agency may make that determination by orders in contested cases, 290 Or at 226, and its determination is subject to review by this court for errors of law. Under *Springfield,*

> "[t]he dispositive question of law on review under this section, is whether the agency action is within the legislative policy which inheres in the statutory term. An agency interpretation may be given an appropriate degree of assumptive validity if the agency was involved in the legislative process or if we infer that it has expertise based upon qualifications of its personnel or because of its experience in the application of the statute to varying facts. * * *" 290 Or at 227.

■ ■ ERB's determination that violation of the union's duty of fair representation constitutes an unfair labor practices under ORS 243.672 is reasonable, informed and within the legislative policy of the act. ORS 243.666(1) provides that a labor organization certified by ERB is the exclusive representative of the employes of a public employer with respect to employment relations. It is within the legislative policy to conclude that a breach of the concomitant duty of fair representation is an unfair labor practice under ORS 243.672(2), making all statutory violations unfair labor practices. We therefore hold that plaintiff's complaint against both CSD and OPEU alleges unfair labor practices within the meaning of ORS 243.672.

■ Plaintiff further contends that, even if her complaint alleges acts that are unfair labor practices, ERB does not have exclusive jurisdiction over the claims. We have previously held that ERB does have exclusive jurisdiction to decide all unfair labor practice complaints concerning public employers. *Smith v. State of Oregon,* 31 Or App 15, 569 P2d 677 (1977). In *Smith,* we noted that there is no indication that the legislature intended to vest authority to compel arbitration in public-sector labor disputes in two separate forums and concluded that ERB has sole jurisdiction over them. Accordingly, the court did not err in granting summary judgment as to CSD.

■ Because *Smith* involved an employer unfair labor practice, plaintiff argues that it does not control her complaint against OPEU, a union unfair labor practice. However, that distinction is one without a difference. Accordingly, we hold that ERB has exclusive jurisdiction over the matters alleged in plaintiff's complaint[3] and that the court correctly dismissed the complaint for want of subject matter jurisdiction.

Affirmed.

---

[3] In arguing that ERB does not have exclusive jurisdiction over unfair labor practices, plaintiff relies on Oregon cases decided before the 1973 Collective Bargaining Act, and on cases that arose under section 301 of the federal Labor Management Relations Act (1947), 29 USC § 185. That section expressly authorizes actions for breach of collective bargaining agreements to be brought in federal district courts without previous resort to the NLRB.