Argued and submitted May 18, reversed and remanded July 8, reconsideration denied August 28, petition for review allowed September 22, 1987 (304 Or 185)

TRACY et al,
*Respondents,*

*v.*

LANE COUNTY, OREGON,
*Appellant.*

(16-85-03750; CA A41836)

739 P2d 64

John Hoag, Assistant County Counsel, Eugene, argued the cause and filed the briefs for appellant.

Michael V. Phillips, Eugene, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

VAN HOOMISSEN, J.

**VAN HOOMISSEN, J.**

This is an action to collect wages pursuant to ORS 652.140 *et seq.*[1] Lane County appeals a summary judgment in favor of plaintiffs. It contends that the circuit court erred in concluding that it had subject matter jurisdiction. We agree and reverse.

Plaintiffs were Lane County employes and members of a collective bargaining unit whose disputes were subject to binding arbitration. ORS 243.742 *et seq.* The collective bargaining agreement expired on July 1, 1984. The dispute over a new agreement was submitted to arbitration. Before the arbitrator's award was served on the county, four of the plaintiffs had left county employment. The other two had accepted promotions to other county jobs outside the bargaining unit.

On January 15, 1985, an arbitrator made an award which included a pay increase for all employes in the bargaining unit, retroactive to July 1, 1984. The county refused to comply with the award as to plaintiffs only, arguing that, because they were not members of the bargaining unit on January 15, 1985, the retroactive pay increase did not apply to them. Each plaintiff asserted a wage claim and a claim for attorney's fees pursuant to ORS chapter 652. Four of the plaintiffs claimed statutory penalties, also pursuant to ORS chapter 652.

The county moved to dismiss plaintiffs' complaint, contending that the circuit court lacked subject matter jurisdiction, because plaintiffs' claims were for an unfair labor practice over which the Employment Relations Board (ERB) has exclusive jurisdiction. The circuit court denied the motion. The parties stipulated to the facts and to the damages

---

[1] ORS 652.140(1) provides, in relevant part:

"Whenever an employer discharges an employe, or where such employment is terminated by mutual agreement, all wages earned and unpaid at the time of such discharge shall become due and payable immediately * * *."

ORS 652.150 provides, in relevant part:

"If an employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days * * *."

that each plaintiff would receive if plaintiffs were to prevail. The parties filed cross motions for summary judgment. The circuit court granted plaintiffs' motion and denied the county's motion.

The county contends that ERB has exclusive jurisdiction of litigation concerning public sector labor arbitration awards and of claims that a collective bargaining agreement has been violated. It relies primarily on ORS 240.086 *et seq;* ORS 243.650 *et seq; Trout v. Umatilla School Dist.,* 77 Or App 95, 712 P2d 814 (1985), *rev den* 300 Or 704 (1986); *AFSCME v. Executive Dept.,* 52 Or App 457, 628 P2d 1228, *rev den* 291 Or 771 (1981), and *Smith v. State of Oregon,* 31 Or App 15, 569 P2d 677 (1977), *rev den* 281 Or 99 (1978). Plaintiffs contend that they have alternative remedies: in the Bureau of Labor or in the circuit court under ORS chapter 652 for violation of a statutory requirement of payment, or in ERB under ORS chapter 243. They rely primarily on ORS chapter 652; *Putnam v. Department of Justice,* 58 Or App 111, 647 P2d 949 (1982), and Article 1, section 10, of the Oregon Constitution.[2]

ORS 243.672(1) provides, in relevant part:

"It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"* * * * *

"(g) Violate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or to accept the terms of an arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them."

ORS 243.752(1) provides:

"A majority decision of the arbitration panel, * * * if supported by competent, material and substantial evidence on the whole record, based upon the factors set forth in ORS 243.746(4), shall be final and binding upon the parties. Refusal or failure to comply with any provision of a final and binding arbitration award is an unfair labor practice. Any order issued by the board pursuant to this section may be

---

[2] Article 1, section 10, of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property or reputation."

enforced at the instance of either party or the board in the circuit court for the county in which the dispute arose."

Plaintiffs are seeking to recover wages which they claim are due them pursuant to an arbitration award. The county contends that plaintiffs are not covered by the award, because they left the bargaining unit before the award was *served* on the county. Those facts show that this case involves an arbitration dispute and that plaintiffs have charged the county with an unfair labor practice, *i.e.,* refusal to comply with the arbitrator's award. Plaintiffs' argument that, "to the extent at all that the collective bargaining agreement is involved, it is involved only in that it fixes the rate of pay" is incorrect. The county's point is that plaintiffs are not *covered* by the retroactive pay increase under the collective bargaining agreement.[3] Plaintiffs' damages, should they prevail, are not in issue.

*Trout v. Umatilla Co. School Dist., supra,* 77 Or App at 98, we stated:

"ERB has the duty of 'hearing and deciding all unfair labor practice complaints concerning public employers.' ORS 243.676. Contract and arbitration disputes are unfair labor practices. ORS 243.672(1)(g). We have held that ERB has exclusive jurisdiction over unfair labor practice complaints. *School District 115 v. OSEA,* 64 Or App 685, 669 P2d 821, *rev den* 296 Or 235 (1983); *AFCME v. Executive Dept.,* 52 Or App 457, 628 P2d 1228, *rev den* 291 Or 771 (1981)[.]"

Plaintiff's reliance on *Putnam v. Department of Justice, supra,* is misplaced. The plaintiff in that case was a unrepresented state employe. We conclude that ERB has exclusive jurisdiction in this case.

Plaintiffs' argument that ERB lacks authority to order the county to pay their wage claims should they prevail also lacks merit. We are satisfied that ERB has authority to enforce its orders. *See* ORS 243.766(4).

Reversed and remanded with instructions to enter judgment of dismissal.

---

[3] The arbitration mentioned in this case is interest arbitration, not grievance arbitration. The arbitrator's award created the wage provision of the collective bargaining agreement which plaintiffs argue defendant violated. Whether an employer has violated a collective bargaining agreement is clearly within ERB's unfair labor practice jurisdiction.