Argued and submitted December 2, 1987, decisions of Court of Appeals and trial court reversed and remanded to circuit court with instructions March 29, 1988

TRACY et al,
*Petitioners on Review,*

*v.*

LANE COUNTY,
*Respondent on Review.*

(TC 16-85-03750; CA A41836; SC S34338)

752 P2d 300

Michael V. Phillips, Johnson, Quinn, Clifton & Larson, P.C., Eugene, filed a brief and appeared on behalf of petitioners on review.

John Hoag, Assistant County Counsel for Lane County, Eugene, filed a brief and appeared on behalf of respondent on review.

LINDE, J.

## LINDE, J.

We are called upon to determine an issue of jurisdiction over wage claims arising from a public employes' arbitration award. Oregon's public employment relations laws give the Employment Relations Board (ERB) enforcement authority over such awards by treating noncompliance with the award as a contract violation constituting an unfair labor practice. ORS 243.752(1), 243.672(1)(g). The general wage claim statute, ORS 652.110 *et seq,* on the other hand, provides employes generally with a judicial remedy for nonpayment of wages.

The present dispute concerns a claim of county employes for retroactive pay under an interest arbitration award that was served on the county after plaintiffs had left the bargaining unit. Plaintiffs took their claim to the circuit court under the wage claim statute. The court rejected the county's contention that the claim was within ERB's exclusive jurisdiction and rendered summary judgment for plaintiffs. The Court of Appeals, agreeing with the county that ERB had exclusive jurisdiction, reversed the judgment and ordered dismissal of plaintiff's action. *Tracy v. Lane County,* 86 Or App 305, 739 P2d 64 (1987). We hold that the circuit court should have withheld its judgment until ERB had the opportunity to exercise its statutory responsibility with respect to the arbitration award.

The Court of Appeals previously held that public employes can sue under the wage claim statute. *Putnam v. Department of Justice,* 58 Or App 111, 647 P2d 949 (1982). No arbitration or refusal to arbitrate was involved. In the present case the court distinguished *Putnam* on grounds that the employe in that case was not represented by a collective bargaining agent. 86 Or App at 309.

The issue concerns ERB's authority over claims arising from noncompliance with an arbitration award. ORS 243.752(1) provides:

"A majority decision of the arbitration panel, under ORS 243.706 and 243.726 and 243.736 to 243.746, if supported by competent, material and substantial evidence on the whole record, based upon the factors set forth in ORS 243.746(4), shall be final and binding upon the parties. Refusal or failure to comply with any provision of a final and binding arbitration award is an unfair labor practice. Any order issued by the

board pursuant to this section may be enforced at the instance of either party or the board in the circuit court for the county in which the dispute arose."

The first sentence makes an arbitration award binding if supported by substantial evidence of certain statutory "factors."[1] The second sentence makes noncompliance an unfair labor practice. This sentence seems to repeat ORS 243.672(1)(g), except that it does not refer to a prior agreement to accept the arbitration award; apparently it is intended to trigger the unfair labor practice procedure set out in ORS 243.676. The third sentence contemplates that ERB will issue orders "under this section" which will be enforceable in circuit court where the dispute arose. ERB therefore must determine whether an arbitration award is supported by the requisite evidence "on the whole record" if it is to make an order enforceable in the circuit court "at the instance of either party or the board."[2]

---

[1] The factors listed in ORS 243.746(4) are:

"(a) The lawful authority of the employer.

"(b) Stipulations of the parties.

"(c) The interest and welfare of the public and the financial ability of the unit of government to meet those costs.

"(d) Comparison of the wages, hours and conditions of employment of other employes performing similar services and with other employes generally:

"(A) In public employment in comparable communities.

"(B) In private employment in comparable communities.

"(e) The average consumer prices for goods and services commonly known as the cost of living.

"(f) The overall compensation presently received by the employes, including direct wage compensation, vacations, holidays and other excused time, insurance and pensions, medical and hospitalization benefits, the continuity and stability of employment, and all other benefits received.

"(g) Changes in any of the foregoing circumstances during the pendency of the arbitration proceedings.

"(h) Such other factors, not confined to the foregoing, which are normally or traditionally taken into consideration in the determination of wages, hours and conditions of employment through voluntary collective bargaining, mediation, factfinding, arbitration or otherwise between the parties, in the public service or in private service."

[2] The details of this procedure are not before us in the present case, which deals only with jurisdiction. Questions not now at issue include whether the section contemplates a formal quasijudicial record before the arbitration panel or allows ERB to take additional evidence, *see AFSCME v. Executive Dept.*, 52 Or App 457, 485, 628 P2d 1228 (1981) (Gillette, P. J., concurring), whether a court reviews an ERB order as a contested case, ORS 183.482, or as an order in a case other than a contested case, ORS 183.484, and if the latter, whether the circuit court independently determines whether the evidence is "substantial." *Cf. 1000 Friends v. LCDC (Lane County)*, 83 Or App 278, 731 P2d 457 (1987) (review of comprehensive land use plan).

The responsibility so entrusted to ERB does not leave room for a trial court to make its own determination whether an arbitration award is "final and binding" under ORS 243.752(1). The statute does not accommodate inconsistent rulings. If either party wins a favorable order from ERB, the party is entitled to have that order enforced by the circuit court, regardless whether the court in a civil case might have reached a different result.

It does not follow, however, that trial courts are entirely without jurisdiction over any dispute that can be characterized as an unfair labor practice. Parties may have statutory or common law remedies outside the scope of what ERB may order in an unfair labor practice proceeding. *Cf., e.g., Smith v. Evening News Assn.*, 371 US 195, 83 S Ct 267, 9 L Ed 2d 246 (1962) (National Labor Relations Board's unfair labor practice authority does not preclude individual union member's civil claim under collective bargaining agreement).[3] The individual employe's wage claim under ORS 652.110 *et seq* potentially is one such remedy, although it is premature to decide that issue now, when no ERB order for relief under the arbitration agreement has yet been sought. All we decide now, therefore, is that the statute does not preclude the circuit court's jurisdiction, but that plaintiffs were not entitled to summary judgment on their wage claim. ERB's jurisdiction under ORS 243.752(1) is primary, even if not exclusive. Whether the arbitration award is final and binding and whether the employer has refused or failed to comply with any provision of it are issues for ERB. The circuit court need not dismiss plaintiffs' claims, but the court should have abated them until there was an ERB order for it to enforce.[4]

The decisions of the trial court and the Court of

---

[3] Among other state court decisions, not briefed by either party, the most closely analogous is *Alliston et al. v. City of Allentown, Pa,* 71 Pa Commw 321, 455 A2d 239 (1983), holding that an administrative board's jurisdiction precluded enforcement of an arbitration award under Pennsylvania's Uniform Arbitration Act. The opinion did not discuss whether the agency order could return to the trial court for enforcement under a statute like ORS 243.752(1).

[4] ERB provides an expedited procedure for disputes under an interest arbitration award. OAR 115-40-017, 115-35-065. ORS 243.672(4) allows a 180-day period for filing such disputes with ERB. The consequences if plaintiffs missed this deadline are not before us. Also not raised is a possible question whether a wage claim under $10,000 should be pursued in the district court, ORS 46.060(a) and (c), ORS 3.227, or in the circuit court in conjunction with a proceeding under ORS 243.752(1).

Appeals are reversed. The case is remanded to the circuit court with instructions to abate further proceedings until completion of such administrative proceedings as the parties may pursue before the Employment Relations Board.