Argued and submitted January 3, reversed and remanded May 21, 1997

Daniel H. REINWALD,
*Appellant,*

*v.*

STATE OF OREGON,
DEPARTMENT OF EMPLOYMENT,
*Respondent.*

(94C 11898; CA A93033)

939 P2d 86

David W. Hittle argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff seeks to recover damages for defendant's alleged breach of an agreement that settled a previous unfair labor practices complaint against defendant. The Employment Relations Board (ERB) considered some of the issues, found that defendant had violated the agreement in one respect, and ordered it to remedy that violation. ERB did not award any damages to plaintiff. Thereafter, the trial court ruled that ERB had either primary or exclusive jurisdiction over the dispute and that the court could not award relief that ERB did not or could not award. It therefore granted summary judgment to defendant. Plaintiff appeals and we reverse.

Plaintiff is a former employee of defendant. In early 1992, he filed an unfair labor practices complaint with ERB against defendant. In June 1992, he and defendant agreed to settle the complaint on terms that included (1) plaintiff would submit his written, irrevocable resignation; (2) plaintiff would withdraw all actions against the state and release all employment-related claims against it; (3) defendant would remove materials that plaintiff identified from his personnel file and place them in the legal file in the Department of Justice; (4) defendant would write a general letter of reference that reflected positive comments from plaintiff's latest performance evaluations; and (5) defendant would pay plaintiff $12,000.

After the agreement, defendant provided plaintiff with what it described as his personnel file. Plaintiff identified items that he wanted removed, and defendant removed them. Plaintiff and defendant did not agree on an appropriate letter of reference. During this period, plaintiff unsuccessfully sought state employment with agencies other than defendant. Eventually he learned that the state's computer data base contained the codes "520" (employee resignation) and "750" (employee suspension) next to his name. He then filed another unfair labor practices complaint with ERB, which as amended alleged that defendant had failed to comply with the settlement agreement in a number of respects. Before the hearing on that complaint, he filed this lawsuit,

seeking damages for defendant's failure to remove the "520" and "750" codes from the data base and for its failure to write a letter of reference that complied with the settlement agreement.

In its order in the unfair labor practice case, ERB ruled that most of plaintiff's allegations, including the ones concerning the letter of reference, were untimely. However, it ruled in plaintiff's favor on the allegations concerning the computer codes, holding that defendant breached the settlement agreement by failing to remove them. The failure thus violated ORS 243.672(1)(g), which makes it an unlawful employment practice to violate the provisions of a written contract relating to employee relations. ERB originally ordered defendant to remove both codes. On reconsideration, it limited its order to the "750" code, noting that the "520" code was neutral, doing no more than correctly stating that plaintiff had resigned. Defendant complied with the amended order.

After ERB's decision, defendant moved for summary judgment in this case, arguing that ERB had exclusive jurisdiction over the subject. The trial court held that ERB had primary, if not exclusive, jurisdiction and that the court's jurisdiction was limited to enforcing ERB's order. Because plaintiff sought relief beyond what ERB had ordered or could have ordered, the lawsuit was not an attempt to enforce ERB's order. The court therefore granted defendant's motion for summary judgment.

The primary issue in this case is the relationship between a court and an administrative agency when they both have jurisdiction over the same matter. The parties agree that ERB had jurisdiction over the issues that it decided and that its order conclusively resolved the precise questions that it discussed. Plaintiff, indeed, insists that ERB's determination that defendant violated the agreement is binding on defendant in this case. The question is whether ERB's jurisdiction is exclusive, so that a court has no role to play, or primary, so that the court should defer to ERB on those issues over which it had jurisdiction but is free to consider additional issues beyond ERB's jurisdiction. We hold that ERB's jurisdiction is primary, not exclusive, and that the

court retains jurisdiction not simply to enforce ERB's order but also to award relief that ERB did not have authority to award.[1]

In *Trout v. Umatilla Co. School Dist.*, 77 Or App 95, 712 P2d 814 (1985), *rev den* 300 Or 74 (1986), we held that ERB has exclusive jurisdiction over a claim for breach of a collective bargaining agreement. A failure to comply with such an agreement is an unfair labor practice under ORS 243.672(1)(g), and ERB has exclusive jurisdiction over unfair labor practice (ULP) complaints. 77 Or App at 98-99. Soon afterwards, we applied our decision in *Trout* in *Tracy v. Lane County*, 86 Or App 305, 739 P2d 64 (1987), *rev'd* 305 Or 378, 752 P2d 300 (1988), in a way that the Supreme Court subsequently determined to be incorrect. In *Tracy*, the plaintiffs sued under the wage claim statutes to collect amounts that, they alleged, the defendant owed them under an arbitration award. The trial court granted summary judgment to the plaintiffs. On appeal, the defendant asserted that the plaintiffs' claims were for an unfair labor practice and that ERB, therefore, had exclusive jurisdiction over them. Relying on *Trout*, we held that ERB's jurisdiction was exclusive and reversed and remanded for the trial court to dismiss the case.

On review in *Tracy*, the Supreme Court reversed both our decision for the defendant and the trial court's judgment for the plaintiff. *Tracy v. Lane County*, 305 Or 378, 752 P2d 300 (1988). Instead, it remanded the case to the trial court with instructions to abate it until the completion of proceedings before ERB. The court first held that it was ERB's role to determine whether the arbitration award was final and binding and that the trial court had to accept that decision, whether or not it would have reached a different result on its own. The Supreme Court then went on to add:

[1] Defendant, relying on plaintiff's written memorandum at the trial court, argues that plaintiff failed to preserve the issue of the trial court's authority to award relief beyond what ERB could award rather than simply enforcing ERB's order. In oral argument to the trial court, plaintiff's attorney stated, "[p]arties may have statutory or common-law remedies outside the [course] of what ERB may order in an unfair labor practice proceeding" and "under his common-law contract rights he would have a six-year statute of limitations and we feel that that would be a separate action that the court could consider and that's what we have brought." Plaintiff preserved this issue.

"It does not follow, however, that trial courts are entirely without jurisdiction over any dispute that can be characterized as an unfair labor practice. Parties may have statutory or common-law remedies outside the scope of what ERB may order in an unfair labor practice proceeding. * * * ERB's jurisdiction * * * is primary, even if not exclusive." 305 Or at 382.

The court thus distinguished between those things that ERB alone could decide—in *Tracy*, matters related to the interpretation of the contract and the remedies that ERB has authority to order—and those things that a court also has jurisdiction to decide, such as statutory or common-law remedies beyond those that ERB can order.

The issues in this case are similar to those in *Tracy*; for similar reasons we hold that plaintiff is entitled to seek judicial remedies in addition to those that ERB can give. Both the settlement agreement in this case and the arbitration in *Tracy* were the final resolutions of unfair labor practice complaints. In both cases, the *original* ULP complaint was within ERB's exclusive jurisdiction; in both, the issue before the court arose in a *later* ULP complaint that was the result of one party's alleged failure to comply with the resolution of the original complaint. In *Tracy*, the employer refused to pay amounts that, the employees asserted, it owed under the arbitration award. In this case, defendant allegedly failed to comply with its obligations under the settlement agreement. In *Tracy*, the employees sought to recover their unpaid wages under the wage claim statutes; in this case, plaintiff seeks to recover damages in a common-law action for defendant's alleged breach of the settlement agreement.

■■ As noted above, we conclude that in this case, as in *Tracy*, ERB has primary but not exclusive jurisdiction over the issues of the meaning and enforceability of the settlement agreement. The dispute in this case is not over matters peculiar to labor law but over the construction of a contract and damages for its breach. Under *Tracy*, those are not things within ERB's exclusive jurisdiction. Rather, under the doctrine of primary jurisdiction, a court has jurisdiction *both* to enforce ERB's decision on the issues that it decided *and* to resolve statutory or common-law issues that ERB did not

decide and to provide appropriate remedies that ERB could not provide.

█        The application of the doctrine of primary jurisdiction "does not involve the court's jurisdiction in the strict sense[.]" *Holman Transfer Co. v. PNB Telephone Co.*, 287 Or 387, 400 n 7, 599 P2d 1115 (1979). We have described it as

> "a doctrine of common law, wholly court-made, that is designed to guide a court in determining whether and when it should refrain from or postpone the exercise of its own jurisdiction so that an agency may first answer some question presented." *Perla Development Co. v. Pacificorp*, 82 Or App 50, 53 n 1, 727 P2d 149 (1986), *rev den* 303 Or 74 (1987); *see also Boise Cascade Corp. v. Board of Forestry*, 325 Or 185, 191-93, 935 P2d 411 (1997).

A leading authority explains the application of the doctrine:

> "If a court concludes that a *dispute* brought before the court is within the primary jurisdiction of an agency, it will dismiss the action on the basis that it should be brought before the agency instead. Similarly, if a court concludes that an *issue* raised in an action before the court is within the primary jurisdiction of an agency, the court will defer any decision in the action before it until the agency has addressed the issue that is within its primary jurisdiction. The court retains jurisdiction over the dispute itself and all other issues raised by the dispute, but it cannot resolve that dispute until the agency has resolved the issue that is in its primary jurisdiction." 2 Kenneth Culp Davis and Richard J. Pierce, Jr., *Administrative Law Treatise* (1994) § 14.1 at 271. (Emphasis supplied.)

In this case, as in *Tracy*, the entire *dispute* is not within ERB's jurisdiction. ERB, unlike the court, does not have jurisdiction to award damages for breach of contract. What *is* within ERB's jurisdiction is the *issue* of the meaning of the settlement agreement and whether defendant violated it. Under *Tracy*, ERB's decision in that regard is binding on the court.

        Defendant argues that the court's only role is to enforce ERB's decision and that the court cannot add to ERB's award. It points out that in *Tracy* the Supreme Court stated that the party that prevailed at ERB is entitled to

have the court enforce the order, whether or not it would have reached the same result on its own, and that the trial court should have abated the plaintiffs' claims until there was a decision for it to enforce. 305 Or at 382. It treats those statements as describing the maximum extent of the court's authority.

Defendant misunderstands the Supreme Court's statements. The court's point was that the "statute does not accommodate inconsistent rulings." 305 Or at 382. Thus, if ERB rules on an issue within its primary jurisdiction, the court must accept that decision. In the specific circumstances of *Tracy*, ERB had jurisdiction to award the plaintiffs their unpaid wages, so there might be little for the court to do other than to enforce ERB's order. However, the Supreme Court also expressly recognized that a party may have a right to remedies beyond what the agency could award. As an example, it cited *Smith v. Evening News Assn.*, 371 US 195, 83 S Ct 267, 9 L Ed 2d 246 (1962), in which the United States Supreme Court held that a civil court had jurisdiction to decide an employee's claim for breach of a collective bargaining agreement despite the jurisdiction of the National Labor Relations Board over unfair labor practices. That citation makes it clear that the court in *Tracy* held that ERB's primary jurisdiction over an issue does not prevent a subsequent judicial award of relief beyond what ERB had jurisdiction to award.

In this case, ERB had jurisdiction to decide the issues of the meaning of the settlement agreement and whether defendant's failure to remove the computer codes constituted a breach; after it resolved those issues in plaintiff's favor as to one of the codes, ERB also had jurisdiction to require defendant to comply with the settlement agreement by removing the offending code. That, however, was the extent of its jurisdiction. It was without authority to award damages for defendant's breach of the agreement; only a court could do that. Plaintiff, thus, is entitled to seek additional judicial relief based on a statutory or common-law claim that is not within ERB's jurisdiction. In short, ERB has exercised its primary jurisdiction; it is now the role of the

trial court to determine the issues before it in light of ERB's action.

Reversed and remanded.