Argued and submitted September 10, injunction ordered by circuit court vacated;
case remanded to circuit court for further proceedings October 15, 1999

Michael AHERN,
*Respondent,*

*v.*

OREGON PUBLIC EMPLOYEES UNION,
*Appellant.*

(CC 99-CV-0007; SC S46306)

Janet BROWN
d.b.a. Coach Works,
*Respondent,*

*v.*

OREGON PUBLIC EMPLOYEES UNION,
*Appellant.*

(CC 99-CV-0008; SC S46307)
(Cases Consolidated for Argument and Opinion)

988 P2d 364

B. Carlton Grew, of Oregon Public Employees Union, Salem, argued the cause and filed the briefs for appellant.

Gregory P. Lynch, of Hurley, Lynch & Re, P.C., Bend, argued the cause and filed the briefs for respondents.

LEESON, J.

## LEESON, J.

In this case, a trial court issued a preliminary injunction against defendant Oregon Public Employees Union (OPEU), enjoining it from performing acts that the court concluded constituted an unfair labor practice under ORS 243.672(2)(g).[1] OPEU appealed under ORS 662.120, which provides for appeal to the Supreme Court when any court or judge thereof "issues or denies any temporary injunction in a case involving or growing out of a labor dispute." Plaintiff[2] filed a motion to dismiss the appeal, arguing that ORS 662.120 is not applicable to this case because this is a tort action, not a matter involving or growing out of a labor dispute. This court determined that, at least for the purposes of inquiring into our appellate jurisdiction, the order was appealable, because it appeared that this case involved or grew out of a labor dispute. Accordingly, this court denied plaintiff's motion to dismiss. This court also issued an order to show cause why the trial court's order should not be vacated and the case dismissed on the ground that, under ORS 243.650 *et seq.*, the Employment Relations Board (ERB) has exclusive jurisdiction of the matter and the trial court lacks subject matter jurisdiction.

---

[1] ORS 243.672 is part of the Public Employee Collective Bargaining Act (PECBA), ORS 243.650 *et seq.*, and provides, in part:

"(2) Subject to the limitations set forth in this subsection, it is an unfair labor practice for a public employee or for a labor organization or its designated representative to do any of the following:

"* * * * *

"(g) For a labor organization or its agents to picket or cause, induce, or encourage to be picketed, or threaten to engage in such activity, *at the residence or business premises of any individual who is a member of the governing body of a public employer, with respect to a dispute over a collective bargaining agreement or negotiations over employment relations, if an objective or effect of such picketing is to induce another person to cease doing business with the governing body member's business* or to cease handling, transporting or dealing in goods or services produced at the governing body's business."

(Emphasis added.)

[2] There are two plaintiffs in these proceedings. Both are Jefferson County Commissioners, and both sought and received temporary restraining orders and injunctions against defendant OPEU. The facts in the two cases differ in ways that are not legally significant. For convenience, this opinion refers to plaintiff in the singular and, where relevant, describes the facts only in plaintiff Ahern's case.

The parties have responded both in writing and through oral argument to this court's show cause order. We now hold that, under ORS 243.676, ERB has exclusive jurisdiction to determine whether OPEU committed an unfair labor practice. Accordingly, the trial court lacked jurisdiction to enter the injunction that it entered in this case. We therefore vacate the injunction and remand the case to the circuit court for further proceedings.

The facts are not in dispute. Plaintiff is an elected Jefferson County Commissioner. In 1995, Jefferson County and OPEU entered into a collective bargaining agreement. Before that agreement expired in June 1998, OPEU and Jefferson County began negotiating for a new collective bargaining agreement. On October 1, 1998, OPEU notified ERB that those negotiations had reached an impasse. *See* ORS 243.712 (prescribing notification requirement and assignment of mediator when bargaining reaches impasse). After mediation failed to resolve the differences between the county and OPEU, OPEU gave ERB notice of its intent to strike, ORS 243.726(2)(c), and the bargaining unit went on strike against Jefferson County in February 1998.

As part of the strike, OPEU members picketed and distributed leaflets at plaintiff's business. Although the leaflets identified several labor-related complaints, they stated:

"This leaflet is for informational purposes only. We have no labor dispute with Ahern Grocery and Deli. We are not asking people to withhold services from Ahern Grocery and Deli. Continue to conduct business with Ahern Grocery and Deli."

On February 23, 1999, plaintiff filed this action against OPEU in Jefferson County Circuit Court, alleging a tort claim for intentional interference with economic relations.[3] To state a claim for that tort, a plaintiff must allege six elements, one of which is that the interference was "accomplished through improper means or for an improper purpose." *McGanty v. Staudenraus*, 321 Or 532, 535, 901 P2d

---

[3] On February 17, 1999, Jefferson County filed an unfair labor practice complaint with ERB, alleging that OPEU members violated ORS 243.672(2)(g) by picketing at plaintiff's business premises.

841 (1995). Regarding that element, plaintiff's complaint alleges, in part:

> "[OPEU] has intentionally and unlawfully interfered with plaintiff's business and business relations *in willful violation of ORS 243.672(2)(g)*, without a proper business purpose, and with the improper objective of causing harm to plaintiff."

(Emphasis added.) Plaintiff's complaint also seeks a permanent injunction preventing OPEU members from picketing in front of his business, asserting that such picketing violates ORS 243.672(2)(g). Additionally, plaintiff filed a motion for a preliminary injunction against OPEU, asserting a violation of ORS 243.672(2)(g).

OPEU opposed plaintiff's motion for a temporary injunction, arguing that ERB has exclusive jurisdiction to determine whether OPEU was engaging in an unfair labor practice. After a hearing on plaintiff's motion, the trial court concluded that it had jurisdiction and stated:

> "there has been a violation of the statute, * * * [ORS] 243.672, in that the effect of the picketing is to induce other persons to cease doing business with the governing body member's business, or cease handling transportation in dealing in goods or services."

Accordingly, the trial court granted plaintiff's motion for a preliminary injunction.

■ As noted, OPEU appealed from that order and this court determined that, for the purposes of resolving the jurisdictional issue, the order was appealable under ORS 662.120. However, because it appeared that this dispute involves public employees subject to ORS 243.650 *et seq.*, this court ordered plaintiff to show cause why the preliminary injunction should not be vacated and the case dismissed on the ground that the trial court lacks jurisdiction over the unfair labor practice alleged in the complaint. We turn to the parties' arguments in response to the show cause order.

Plaintiff argues that the trial court had jurisdiction to enter the injunction because this case is not a labor dispute subject to ERB's jurisdiction. Plaintiff characterizes this case as a tort action between two private parties, namely, plaintiff

as a business owner and OPEU. Because the matter is not a labor dispute, plaintiff reasons, "ORS 243.650 *et seq.*, does not prohibit [plaintiff] from seeking damages in civil court for the tortious actions of [OPEU]." Plaintiff also argues that a determination that ERB has exclusive jurisdiction over the tort of intentional interference with economic relations would violate three provisions of the Oregon Constitution, namely, Article I, section 10 (right to remedy), Article I, section 17 (right to jury trial), Article I, section 20 (no privileges to any class of citizens not available on same terms to all citizens); and would violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

OPEU responds that the trial court entered the temporary injunction based on its finding that OPEU had violated ORS 243.672(2)(g). It argues that, under ORS 243.676, ERB has exclusive jurisdiction to determine whether its conduct constitutes an unfair labor practice and, if there is, to fashion the appropriate remedy. OPEU also argues that plaintiff's constitutional arguments lack merit.

Plaintiff does not dispute that, under ORS 243.676, ERB has jurisdiction over unfair labor practice complaints that occur in the context of labor disputes. Indeed, plaintiff concedes that "ERB has *exclusive* jurisdiction over labor disputes." (Emphasis added.) As the following discussion reveals, we agree with plaintiff's concession. The question is whether plaintiff nonetheless can avoid ERB's jurisdiction under ORS 243.676 to determine whether an unfair labor practice has been committed by alleging the unfair labor practice under ORS 243.672 as an element of his tort claim. Answering that question requires us to discern the legislature's intent regarding the adjudication of unfair labor practice complaints under ORS 243.676. We do so using the familiar methodology summarized in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We look first to the text and context of the statute. If the legislature's intent is clear at that level of analysis, then our inquiry is at an end. *Id.* at 611.

ORS 243.676(1) provides that, whenever a written complaint is filed alleging that any person has engaged in or is engaging in an unfair labor practice as defined by ORS

243.672 or ORS 243.752, ERB must investigate the complaint, conduct a hearing if it determines that a question of law or fact exists, and make factual findings. *See Shockey v. City of Portland*, 313 Or 414, 419-20, 837 P2d 505 (1992) (explaining statutorily required process). ORS 243.676 also gives ERB authority to impose remedies for an unfair labor practice that include cease and desist orders, ORS 243.676 (2)(b), civil penalties, ORS 243.676(4), and "such affirmative action * * * as necessary to effectuate the purposes of [among other things, PECBA]." ORS 243.676(2)(c).

We turn to statutory context. One of the purposes of PECBA is to

"obligate public employers, public employees and their representatives to enter into collective negotiations with willingness to resolve grievances and disputes relating to employment relations and to enter into written agreements and signed contracts resulting from such negotiations."

ORS 243.656(5). To achieve the goals of PECBA, ORS 243.672(3) provides that "an injured party"—that is, *anyone* who has been injured by an unfair labor practice—may file a complaint with ERB. That statute does not limit ERB's authority over unfair labor practices to complaints brought by employers and employees. ORS 243.650(24) defines an unfair labor practice as "the commission of an act designated an unfair labor practice in ORS 243.672." ORS 243.672(1), in turn, describes acts by a public employer or its designated representative that are unfair labor practices, and ORS 243.672(2) describes acts by a public employee, or a labor organization or its designee, that are unfair labor practices. ERB is the administrative agency vested with responsibility for implementing PECBA.

■ PECBA is a comprehensive regulatory scheme for resolving public sector labor disputes. Unfair labor practice complaints arise in the context of such labor disputes. Viewed in the context of PECBA's comprehensive regulatory structure, which includes judicial review of final ERB orders, ORS 183.482, we have no doubt that the legislature intended ERB to have exclusive jurisdiction to determine whether an unfair

labor practice has been committed. Accordingly, the trial court lacks jurisdiction to make such a determination.

The reasoning in *Tracy v. Lane County*, 305 Or 378, 752 P2d 300 (1988), supports our conclusion that the trial court lacks jurisdiction to decide plaintiff's unfair labor practice allegation. *See Davis v. O'Brien*, 320 Or 729, 741, 891 P2d 1307 (1995) (court's prior interpretation of related statute part of context). *Tracy* required this court to construe ORS 243.752, which, in addition to ORS 243.672(1) and (2), describes conduct that constitutes an unfair labor practice. ORS 243.752 provides, in part:

> "A majority decision of the arbitration panel, * * * if supported by competent, material and substantial evidence on the whole record, * * * shall be final and binding upon the parties. *Refusal or failure to comply with any provision of a final and binding arbitration award is an unfair labor practice.* Any order issued by the Employment Relations Board pursuant to this section may be enforced at the instance of either party or the board in the circuit court for the county in which the dispute arose."

(Emphasis added.) In *Tracy*, the plaintiffs were county employees who filed a claim in circuit court under the wage claim statute for retroactive pay under an interest arbitration award. *Id.* at 380. The question on review was whether the circuit court should have withheld its judgment in the case until ERB had the opportunity to exercise its statutory responsibility with respect to the arbitration award. *Id.* This court held that the trial court lacked jurisdiction to determine whether an arbitration award is final and binding. *Id.* at 382. The court reasoned that, under ORS 243.752(1), the decision whether an arbitration award is final and binding is entrusted to ERB and that, because the statute "does not accommodate inconsistent rulings," the trial court lacked jurisdiction. *Id.*

The reasoning in *Tracy* applies with equal force here. PECBA does not accommodate inconsistent rulings about what acts may constitute an unfair labor practice. Indeed, in PECBA, the legislature has specified the particular disputes over which circuit courts have jurisdiction. *See* ORS 243.726(3)(a), (c) (providing for equitable relief in circuit

court in certain strike situations). With respect to adjudication of whether an unfair labor practice has been committed, the statute makes no provision for circuit court jurisdiction.[4]

■      In this case, plaintiff's complaint alleges that the improper means by which OPEU intentionally interfered with his economic relations was by engaging in picketing activities in violation of ORS 243.672(2)(g). Despite its tort label, the gravamen of plaintiff's complaint is that OPEU has committed an unfair labor practice. In determining whether it has authority to decide a matter, a court must consider the nature of the matter, not the label that a party has placed on it. *See Shockey*, 313 Or at 418-19 (prescribing methodology for determining whether statutory scheme abrogates common-law remedy). For the reasons explained above, whether OPEU violated ORS 243.672(2)(g) is a matter for ERB to decide. Permitting the trial court to determine, in the course of a tort proceeding, whether an unfair labor practice has occurred would create the danger of inconsistent rulings that this court warned against in *Tracy*. We hold that the trial court lacks jurisdiction to adjudicate, in the proceeding before it, whether OPEU has committed an unfair labor practice under ORS 243.672(2)(g).

■      We turn to plaintiff's constitutional claims. As noted, plaintiff argues that "a finding by this court that * * * ERB has exclusive jurisdiction over [plaintiff's] common law tort claim * * * would create significant constitutional difficulties." As we have explained, the gravamen of plaintiff's complaint is that OPEU has committed an unfair labor practice. If plaintiff is asserting that his common-law right to seek a remedy for tortious interference with economic relations includes the right to litigate the unfair labor practice allegation in circuit court, then he is wrong. Plaintiff's claims of

---

[4] Our holding that ERB has exclusive jurisdiction to determine whether an unfair labor practice has been committed is not inconsistent with *Tracy*. In that case, the court explained that, "[p]arties may have statutory or common law remedies outside the scope of what ERB may order in an unfair labor practice." *Tracy*, 305 Or at 382. Under ORS 243.752(1), the refusal or failure to comply with a final and binding arbitration award is an unfair labor practice, and an arbitration award issued by ERB may be enforced in circuit court. In the context of that statute, and the enforcement remedies available to parties, the court referred to ERB's jurisdiction as "primary, even if not exclusive." *Id.* Under ORS 243.672, the determination whether an unfair labor practice has occurred rests exclusively with ERB.

deprivation of various constitutional rights because he cannot plead and prove the unfair labor practice in circuit court thus are not well taken.

The injunctions ordered by the circuit court are vacated. The cases are remanded to the circuit court for further proceedings.