LEDESMA,
*Appellant,*

*v.*

FREIGHTLINER CORPORATION,
*Respondent.*

(A8602-01084; CA A48225)

776 P2d 43

Peter W. McSwain, Portland, filed the brief for appellant.

Janet M. Schroer, Portland, argued the cause for respondent. On the brief were M. Elizabeth Duncan, Ridgway K. Foley, Jr., and Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action pursuant to ORS 659.410,[1] alleging that he was wrongfully discharged because he filed a workers' compensation claim. The trial court found for defendant on stipulated facts. We affirm.

Plaintiff worked as a painter for defendant from October 18, 1983, until he was fired on July 11, 1985. He injured his back at work on February 5, 1985, and filed a workers' compensation claim shortly thereafter. Between the time of his injury and the time of his discharge, plaintiff received workers' compensation benefits. During that time, he was on a medical leave of absence, allowing him to do full-time work with light duties or part-time work with light duties or be on layoff status, as medical requirements might dictate. The medical limitations prescribed by his physician included lifting and carrying objects weighing 11-20 pounds only occasionally and those weighing up to five pounds continuously, with no pulling, no bending, no squatting, no crawling and no climbing. In May or June, defendant received information that plaintiff was doing work on his own time that was inconsistent with those limitations—operating a chain saw, chopping and stacking wood, repairing and painting automobiles and driving a go-cart that could attain speeds of up to 60 mph. Defendant also received two surveillance reports. The first report stated that plaintiff was doing various tasks outside his house with "no actions that indicated pain or impairment other than a slight limp * * *." However, when plaintiff noticed that he was being watched from a parked car across the street, he went inside and came out wearing a back harness. He walked slowly with a pronounced limp, over to the observer's car and asked him to leave. The observer also reported that he saw plaintiff lift an eight-foot florescent shop light, weighing about 40 to 50 pounds, without any indication of pain. The other report stated that, on July 11, when plaintiff arrived for his scheduled doctor's appointment and got out

---

[1] ORS 659.410 provides:

"It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS 656.001 to 656.794 and 656.802 to 656.807 or of 659.400 to 659.435 or has given testimony under the provisions of such sections."

of the car, his "posture was relatively upright, his movements were fluid, and the only possible problem noted was a slight limp." However, as plaintiff approached the doctor's office, he adjusted his back brace and began walking with "a very pronounced limp and with a much poorer posture * * * with his shoulders and head shrugged forward." After receiving that information, defendant discharged plaintiff for misrepresenting his physical condition and his ability to work.

Plaintiff filed a complaint pursuant to a collective bargaining agreement. Under the grievance procedure provided for in that agreement, a joint panel of two union and two management members found that plaintiff was discharged for cause. He then filed a charge with the Bureau of Labor and Industries (Bureau), claiming that he was discharged because of his injured worker status, in violation of ORS 659.410. Bureau found no substantial evidence of an unlawful employment practice. Plaintiff stopped receiving benefits after a workers' compensation hearing in which it was also found that he was fired for cause. Plaintiff appealed that decision, but before it could be reviewed, the parties agreed to a settlement. He then brought this action.

Plaintiff contends that the trial court erred as a matter of law when it failed to find that plaintiff's discharge "due to" his workers' compensation disability status was not a violation of ORS 659.410. He argues that the trial judge misapplied and ignored facts that establish a violation of ORS 659.410, narrowed the scope of that statute by focusing on termination for filing of a workers' compensation claim and failed to allocate the burden of proof properly.[2] We conclude that plaintiff's first two arguments are without merit and that any error committed by the trial judge in shifting the burden of proof actually inured to plaintiff's benefit and was harmless.

The facts show that plaintiff worked for defendant

---

[2] With regard to the burden of proof, the trial judge said:

"There was [a] filing of a Worker's [sic] Compensation claim [followed] by a discharge * * *[.] [The] reason given for the discharge is misrepresentation of medical condition in regard to filing the claim[.] [T]hat shifts the burden onto the defendant to prove by clear and convincing evidence under close scrutiny that that, in fact, was the reason for the discharge, and that the reason was not simply the filing of the claim."

and that he was fired after he had applied for workers' compensation benefits. Apparently, according to plaintiff, all he need show to recover under ORS 659.410 is that he filed a workers' compensation claim and that he was discharged sometime thereafter. That is not the law.

**1, 2.** In Oregon discrimination actions in which the issue is, as it is here, simply whether the plaintiff's allegation or the employer's denial of discrimination is correct, the burden of proof does not shift from the plaintiff after he has put on his *prima facie* case. *Callan v. Confederation of Oregon School Administrators,* 79 Or App 73, 77, 717 P2d 1252 (1986); *see City of Portland v. Bureau of Labor and Industries,* 298 Or 104, 114-15, 690 P2d 475 (1984). After the plaintiff has established his *prima facie* case,[3] the defendant may attempt to show, among other things, a non-discriminatory reason for the termination. If the defendant does so, then the plaintiff may rebut the defendant's case. Here, defendant produced evidence that it fired plaintiff because it discovered that he was lying about his physical limitations and his ability to return to work. The factfinder could believe defendant—and we do.

Plaintiff's filing of a workers' compensation claim was not the reason for his termination. Defendant fired plaintiff because he had lied about his disability status and the extent of his ability to work, not because he filed a workers' compensation claim. Filing the claim merely precipitated a situation that allowed plaintiff to manifest his dishonesty.

Affirmed.

---

[3] The parties agree that plaintiff satisfied his *prima facie* burden.