Argued and submitted July 16, judgment on fourth counterclaim reversed
and remanded; otherwise affirmed November 21, 1990, reconsideration denied
February 13, petition for review denied April 16, 1991 (311 Or 266)

# LANE COUNTY,
*Respondent,*

*v.*

# STATE OF OREGON,
*Defendant,*

*and*

# Ronald RIDINGS,
*Appellant.*

## (16-87-09905; CA A60714)

801 P2d 870

David C. Force, Eugene, argued the cause and filed the brief for appellant.

David B. Williams, Eugene, argued the cause for respondent. With him on the brief was Lane County Office of Legal Counsel, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

In January, 1985, Ridings[1] (defendant) was employed as an investigator in the Lane County District Attorney's office. He had been a sergeant in the county sheriff's office before becoming an investigator. Early in January, he and two other investigators were told that their positions would soon be eliminated and that they would be discharged. The three were discharged in February. Between the time that defendant was notified and the time of the discharge, he suffered an on-the-job injury, for which he received workers' compensation benefits. In 1987, he demanded reinstatement to his former position or some other suitable position, pursuant to ORS 659.415 and ORS 659.420, and he also applied for a sergeant's position. The county refused to reinstate him to a permanent position and contends that he does not have reinstatement rights under ORS chapter 659, because the decision to terminate his position was made before he was compensably injured. He was not hired as a sergeant, because he was not a member of the deputy sheriff's union and because the county regarded membership as a prerequisite to employment as a sergeant under the collective bargaining agreement.

The county brought this declaratory judgment action against defendant and the State of Oregon. Its principal contention was that the state, rather than it, was defendant's employer in the district attorney's office.[2] Defendant responded with five counterclaims, but only two are relevant in this appeal: He is entitled to reinstatement rights under ORS 659.415 or ORS 659.420, and the county's interpretation of the collective bargaining agreement violates Article I, section 20, by denying non-union members the ability to be hired as sergeants. The trial court granted a partial summary judgment for the county on the counterclaims that present those issues, and all of the other claims and counterclaims were then dismissed by stipulation. Defendant appeals, and we affirm in part and reverse and remand in part.

ORS 659.415(1) provides, in part:

"A worker who has sustained a compensable injury shall

---

[1] None of the claims that involved the State of Oregon are involved in this appeal.

[2] One of the county's claims was decided in favor of the state, and the others were dismissed.

be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, provided that the position is available and the worker is not disabled from performing the duties of such position. If the former position is not available, the worker shall be reinstated in any other position which is available and suitable."

ORS 659.420(1) provides:

"A worker who has sustained a compensable injury and is disabled from performing the duties of the worker's former regular employment shall, upon demand, be reemployed by the worker's employer at employment which is available."

Of some relevance is ORS 659.410(1):

"It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS 656.001 to 656.794 and 656.802 to 656.807, or of 659.400 to 659.460 or has given testimony under the provisions of such sections."

Defendant's first assignment of error states that the trial court erred in dismissing his "counterclaims arising under ORS chapter 659." Because he stipulated to the dismissal of other counterclaims that might arguably come within that description, he can complain on appeal only about the disposition of the counterclaims that relate to his asserted reinstatement rights under ORS 659.415 and ORS 659.420.

The only reason that the county advances for concluding that defendant does not have reinstatement rights is that he was discharged for reasons unrelated to his compensable injury and was told before he was injured that his job would be eliminated. Therefore, according to the county, he was discharged from county employment, and there was nothing to reinstate him to when he sought to return to work. The county relies on a number of cases that, it acknowledges, do not squarely resolve the issue.

The most pertinent case that we find is also not exactly on point. In *Ledesma v. Freightliner Corp.,* 97 Or App 379, 776 P2d 43 (1989), the plaintiff brought an action for wrongful discharge, asserting that he was fired in violation of ORS 659.410 for filing a workers' compensation claim. The defendant responded, and we agreed, that that was not the

reason that the plaintiff was fired, but that the defendant had discharged him because he lied about his physical condition and ability to work. We said:

> "Apparently, according to plaintiff, all he need show to recover under ORS 659.410 is that he filed a workers' compensation claim and that he was discharged sometime thereafter. That is not the law.
>
> "* * * * *
>
> "Plaintiff's filing of a workers' compensation claim was not the reason for his termination. Defendant fired plaintiff because he had lied about his disability status and the extent of his ability to work, not because he filed a workers' compensation claim. Filing the claim merely precipitated a situation that allowed plaintiff to manifest his dishonesty." 97 Or App at 383.

Whether that reasoning carries over to ORS 659.415 and ORS 659.420 is a close question. ORS 659.410(1) expressly applies only when an employer takes one of the proscribed actions *because* of a worker's involvement in the workers' compensation system. ORS 659.415 and ORS 659.420 are not limited in that way by their terms. Each requires reinstatement on demand of a worker who has sustained a compensable injury, and neither expressly makes the worker's reinstatement rights dependent on a causal link between the injury and the discharge or refusal to reinstate. *See Palmer v. Central Oregon Irrigation Dist.,* 91 Or App 132, 136, 754 P2d 601, *rev den* 306 Or 413 (1988). Another difficulty with the county's argument is that, notwithstanding its earlier communicated intent, defendant was not actually discharged until after his injury.

Both of the problems with the county's argument would be resolved in its favor under OAR 839-06-150(2)(c), an interpretive rule of the Bureau of Labor and Industries (BOLI) on which it relies. The rule provides that a worker does not have reinstatement rights under ORS 659.415 or ORS 659.420 if

> "the employer discharges the worker for reasons not connected with the injury and for which others are or would be discharged."

Under the rule, there are no reinstatement rights if the injured employee is discharged for reasons unrelated to the injury.

The rule also does not make the chronological order of the injury and the discharge a relevant factor. Under the uncontroverted facts here, defendant was discharged for reasons unconnected with the injury and for which two other employees were also discharged.

Although not binding, BOLI's rules interpreting the statutes are entitled to some weight in our construction of them. *Knapp v. City of North Bend,* 304 Or 34, 40-41, 741 P2d 505 (1987). Here, that weight tips the scales in favor of the county's interpretation of the statute. The purpose of ORS 659.415 and ORS 659.420, like ORS 659.410, is to protect injured workers against certain consequences of their injuries and of their invocation of the Workers' Compensation Law. Although ORS 659.415 and ORS 659.420 could be read to go beyond those purposes, that reading is not compelled. Like BOLI, we conclude that reinstatement rights do not arise if the employer establishes that the worker was discharged from his pre-injury position for reasons unrelated to the injury or to his workers' compensation claim. To conclude otherwise would protect injured workers against a normal risk of employment that has no connection with injuries or claims. The employer has the burden of proof, and trial courts should guard against pretextual assertions of non-injury related reasons for discharging employees who would otherwise be entitled to reinstatement. Here, however, the county carried its burden. We reject defendant's first assignment.

In his second assignment of error, defendant contends that the county's interpretation of the collective bargaining agreement as permitting only union members to be hired as sergeants denies him and other persons not in the union the equal privileges and immunities assured by Article I, section 20.[3] Defendant also argues that the county's inter-

---

[3] In his brief, defendant argues a number of theories that he did not present to the trial court. The issue that was raised there, and to which we confine our discussion, was clearly defined in his pleading:

"Plaintiff refused to consider Defendant Ridings for appointment to said position of employment, based upon its contention that a provision of a certain collective bargaining agreement requires that all persons hired for the said position be, at the time of application therefor, members of the [union]."

pretation of the agreement is wrong and that, correctly inter-preted, it would allow him to be hired as a sergeant.[4] Although defendant did not expressly ask the court to construe the agreement, his pleadings and his argument raise that issue implicitly; a determination of whether the county's or defendant's interpretation of the contract is correct must necessarily precede the determination of whether the contract as the county construes it is unconstitutional. The constitutional issue is hypothetical until the meaning of the agreement has been resolved.[5]

The agreement provides, as relevant, that "[p]romotions to the rank and position of sergeant shall be exclusively from the bargaining unit." On the existing record, there are at least two questions of fact that preclude summary judgment on the issue of the agreement's meaning. The first question is whether, contrary to the usual meaning of the terms, the parties intended the term "bargaining unit" to be synonymous with "union" in the agreement. Second, there is an ambiguity about whether the provision applies to the *hiring* of sergeants, as well as to *promotion* to that rank.[6] We therefore conclude that the summary judgment on the fourth counterclaim must be reversed and remanded.

Judgment on fourth counterclaim reversed and remanded; otherwise affirmed.[7]

---

[4] In its reply, the county admits defendant's allegations concerning how it interprets the agreement.

[5] We note, additionally, that the courts have a duty to avoid deciding constitutional questions unnecessarily. *State v. Foster,* 303 Or 518, 526, 739 P2d 1032 (1987).

[6] The trial court may also consider in the first instance whether there is a statutory, rather than a constitutional, basis for resolving the counterclaim. *See* note 5, *supra.* In *OSEA v. Oregon State University,* 30 Or App 757, 567 P2d 1085, *rev den* 280 Or 521 (1977), we construed ORS 243.672(1)(c) to preclude public sector "union shop" agreements. *See also Stines v. OSEA,* 287 Or 643, 601 P2d 799 (1979); *Annot.,* 95 ALR 3d 1102, 1107-08 (1979). The trial court should also consider whether any statutory issue gives rise to jurisdictional consequences. *See Coleman v. CSD,* 71 Or App 687, 692, 694 P2d 555, *rev den* 299 Or 251 (1985).

[7] Defendant makes a number of other arguments that do not warrant discussion.