66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara I. BLACK, Plaintiff-Appellant,
v.
SEARS, ROEBUCK & COMPANY, a New York corporation, Defendant-Appellee.
 No. 94-35065.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1995.
Decided Sept. 7, 1995.
 
 1
 Before: HUG and FERGUSON, Circuit Judges, and SCHWARZER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff Barbara Black brought this action to enforce her reemployment rights under Or.Rev.Stat. Sec. 659.415 (1991). After a two-day bench trial, the court entered judgment for defendant Sears, Roebuck & Company on oral findings. This appeal followed. The court below had jurisdiction under 28 U.S.C. Sec. 1332. This court has jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 4
 We review for errors of law below de novo. United States v. United States Gypsum Co., 333 U.S. 364, 394-95 (1948). We review findings of fact for clear error, viewing the evidence in the light most favorable to the prevailing party. Lozier v. Auto Owners Ins. Co., 951 F.2d 251, 253 (9th Cir.1991); Fed.R.Civ.P. 52(a).
 
 A. FACTS
 
 5
 Black was employed by Sears as a greeter/dispatcher in the auto center of one of its stores. In 1989, she suffered a compensable injury and left work. In May 1991, her physician released her to return to work and she requested reinstatement by Sears. Instead of reinstating Black to her former position, Sears offered Black a different position, that of a part-time commissioned sales associate selling auto parts. Black again asked for her old position but, because Sears refused her request, she eventually accepted the new position. Before Black started work, however, she declined the new position as unacceptable. She then filed a claim with the Oregon Bureau of Labor and Industries but withdrew that claim to file the instant action.
 
 B. DISCUSSION
 
 6
 Black's claim arises under the Oregon statute that provides reinstatement rights to workers who have sustained compensable injuries. Or.Rev.Stat. Sec. 659.415 (1991). The statute provides in relevant part:
 
 
 7
 A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position. A worker's former position is "available" even if that position has been filled by a replacement while the injured worker was absent. If the former position is not available, the worker shall be reinstated in any other existing position which is vacant and suitable....
 
 
 8
 Or.Rev.Stat. Sec. 659.415(1).
 
 
 9
 Our review of the findings below requires us to address three issues: (1) whether the court found Black's old position not "available" because it had been filled or because it no longer existed; (2) whether the court offered sufficient findings to hold that Black was reinstated to another suitable position; and (3) whether the court improperly based it's holding on Black's rejection of the offered position.
 
 
 10
 1. Whether the court found Black's old position not "available" because it had been filled or because it no longer existed.
 
 
 11
 The court below rendered oral "findings" at the conclusion of the two-day trial. After informing the parties that "[t]here is some evidence that support [sic] both parties," that "I haven't studied this in depth," and that "I tried to be as objective as possible in evaluating the testimony," the magistrate judge made this pivotal finding: "That the exact job that Mrs. Black had was not available upon her return. This triggered the responsibility for Sears to make other suitable employment available to her." (ER Tab 107b at 149-150.)
 
 
 12
 In finding that Black's old job was not "available," the magistrate judge made no supporting finding to indicate whether he found her position not available because it had been filled or because it no longer existed. Either could plausibly have been the basis for his finding, because Sears had advanced one or the other of these contentions at various points in time. Sears' contemporaneous reason for refusing to reinstate Black to her old position was that she had been off work too long and her job had been filled. However, during this litigation, Sears has taken a different position, contending that it refused to give Black her old position because it no longer existed.
 
 
 13
 We need not resolve this conflict. However, we do need to know which reason the court below accepted as the basis for Sear's refusal to give Black her old job. If the court found the job not available because it had been filled, the court's decision was erroneous as a matter of law because, under the Oregon reinstatement statute, Black was entitled to her old job for three years, even if it had been filled by replacements. If, alternatively, the court found the job not available because it no longer existed, the supporting factual findings required by Fed.R.Civ.P. 52(a) are lacking.
 
 
 14
 a. Whether the job had been filled. Black has maintained in this litigation and in her claim before the Oregon Bureau of Labor and Industries that Sears told her she could not have her old job because she had been off work too long and her job had been filled. (ER Tab 107f Ex. 8 at 2, p 3 of Complainant's Statement of Facts; ER Tab 106 at 35, where Black testified that a Sears manager told her "that [her] job was filled," "[t]hat he had just hired two new people, and it would not be fair to put them out of a job to have me come back.") Moreover, Sears said as much in its response to Black's claim before the Bureau of Labor and Industries. (ER Tab 107f Ex. 8 at 2, p 3 of Respondent's Response.)
 
 
 15
 The Oregon reinstatement statute specifically provides that the right to reinstatement exists for three years. Or.Rev.Stat. Sec. 659.415(3)(a)(F). Sears' more limited leave of absence policy cannot curtail Black's statutory protection. Moreover, Sears could not refuse to reinstate Black to her old position merely because it was filled. According to the statute, "[a] worker's former position is 'available' even if that position has been filled by a replacement while the injured worker was absent." Or.Rev.Stat. Sec. 659.415(1). Similarly, regulations issued by the Bureau of Labor and Industries provide that "[f]or purposes of ORS Sec. 659.415, an injured worker's former job is available regardless of the hiring or assignment of a replacement worker to that position." Or.Admin.R. 839-06-140(1) (1991). Thus, if the court below found Black's old job not available because it had been filled, the court's decision is erroneous as a matter of law.
 
 
 16
 b. Whether the job no longer existed. Although Sears represented that it originally told Black she could not be reinstated to her old position because it had been filled, Sears now contends, in this litigation, that it could not reinstate Black to the old position because it no longer existed upon her return. Sears contends (1) that Black had originally been employed as a greeter/dispatcher, (2) that these positions were severed in 1987, at which time Black became a dispatcher, and (3) that, in 1990, prior to Black's return, the dispatcher position was eliminated altogether. Black in turn says (1) that she was never told of this, (2) that her duties and compensation throughout the relevant period never changed, and (3) that Sears' records do not support its claim. Moreover, as a review of the evidence indicates, Sears' assertion that Black's old job no longer existed could have been merely pretext for its refusal to reinstate Black in that position.
 
 
 17
 Again, it is not for us to resolve these conflicts in the evidence, but the "finding" that her "exact job ... was not available" is fatally flawed in the absence of supporting factual findings. Findings must be sufficiently explicit to provide the appellate court with an understanding of the basis of the trial court's decision and the grounds upon which the trial court reached that decision. Keane v. Commissioner of Internal Revenue, 865 F.2d 1088, 1091 (9th Cir.1989). If the findings are so conclusory or incomplete that the appellate court is unable to review them "in the light of the evidence in the record and applicable legal principles," see Sumner v. San Diego Urban League, Inc., 681 F.2d 1140, 1142 (9th Cir.1982), the appellate court must remand to the trial court to make the missing findings. Norris v. San Francisco, 900 F.2d 1326, 1329 (9th Cir.1990). Because we find the magistrate judge's findings to be conclusory and incomplete, we remand for appropriate findings as to whether Black's old job existed or not.
 
 
 18
 2. Whether the court offered sufficient findings to hold that Black was reinstated to another suitable position.
 
 
 19
 The Oregon reinstatement statute provides that "[i]f the former position is not available, the worker shall be reinstated in any other existing position which is vacant and suitable." Or.Rev.Stat. Sec. 659.415(1). While the statute does not define "suitable," the regulations do. Oregon Administrative Rule 839-06-145(4) states that "a suitable job is one that is substantially similar to the former job in compensation, duties, responsibilities, skills, location, duration and shift." Or.Admin.R. 839-06-145(4) (1991).
 
 
 20
 Based on that definition, the magistrate judge found that Black had been offered a suitable position. (ER Tab 107b at 151.) More specifically, the magistrate judge stated, "Mrs. Black was suitable for the position of the commission sales as was offered to her" [sic] and "[i]t appears to me that the job that was offered which she in fact initially accepted, does fit within [the regulation's] definition." Id. at 150-151. The magistrate judge failed, however, to make the factual findings necessary to support this ultimate finding of suitability.
 
 
 21
 At trial, the parties presented conflicting evidence regarding several factors bearing on suitability. For example, with respect to compensation, Sears contended that the new position would have paid Black more than the old one, whereas Black contended that the new position would have paid her significantly less. (Compare Pl.Br. 4-5, 11 with D.Br. 4-5, 14-15.) In finding the new job suitable, the magistrate judge failed to make a factual finding resolving this conflict in the evidence.
 
 
 22
 Similarly, the court failed to make the necessary factual findings regarding whether Black was qualified for the new job. Under the regulations, whether a job is suitable depends in part on "whether the injured worker is qualified to perform the [offered] job." Or.Admin.R. 839-06-145(1) (1991). That regulation defines "qualified" as follows:
 
 
 23
 (a) The injured worker meets minimum standards used by the employer in filling the job;
 
 
 24
 (b) The injured worker has previously done the job in an acceptable manner; or
 
 
 25
 (c) The injured worker would be qualified for the job with the same training given a new hire in an entry level position.
 
 
 26
 Id.
 
 
 27
 The magistrate judge found that the job was suitable on the basis of "what the job was, ... what Mrs. Black had done previously, what she has done since, what her general background has been, what the vocational experts testified as to her ability to pick up on things quickly, and some of her skills." (ER 107b at 151.) However, he made no findings on any of the matters specified in the regulations. Although the regulations are not binding, a court must give them some weight in considering a claim under Or.Rev.Stat. Sec. 659.415. Lane County v. State of Oregon, 801 P.2d 870, 873 (1990) (D.Br.14).
 
 
 28
 Thus, the court's findings with respect to suitability are not only conclusory, but they also fail to address issues critical to Black's claim and Sears' defense against it. As such, they are insufficient to sustain the judgment.
 
 
 29
 3. Whether the court's holding was improperly based on Black's rejection of the offered position.
 
 Finally, the court made this finding:
 
 30
 We will never know, and I don't know for sure what the law would be, but it might well be that Mrs. Black would have had additional remedies. As I say, I am not saying she did, because I don't know for sure, but had she gone to work as she had promised to do, come to work, and found after a day or two, or a week, that this job wasn't suitable, she might well have been able to sit down with Sears and reached some understanding, she might have gone to work, thought it was great, made $8, 9, 10, 11, 12 dollars an hour, and been in a better position to meet her financial needs, and found contrary to her initial concerns, she really enjoyed the work, but we will never know. And it's not a question of fault, in that sense, but it is important that we will never know, and it is not because Sears did not offer her that job, but it's because Mrs. Black chose not to even give it a try--so allocating the burdens, the rules of law as I see them to be, I do find that she was offered a suitable position, elected not to report for work on that position, and therefore, she is not entitled to prevail in this case.
 
 
 31
 (ER Tab 107b at 152-153.) Whatever may have been in the magistrate judge's mind when he made this statement, it carries the strong implication that, in ruling against Black, he took into account that she did not accept the offered job. If the job was suitable under the statutory criteria, her rejection of it obviously was an abandonment of her reinstatement right and nothing further need be said. If the job was not suitable, nothing in the statute required her to try it to see if she might like it. The judge's inferential finding to the contrary suggests that his ruling may rest in part on an improper ground.
 
 
 32
 The judgment is reversed and the case remanded for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3