141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LAWRENCE BONADUCE, Plaintiff-Appellant,
v.
THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation,
Defendant-Appellee.
 No. 96-36301.
DC No. CV 96-411 ALH.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1998.**
Decided March 16, 1998.
 
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 Before FERNANDEZ, RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bonaduce appeals the district court's order dismissing his action under Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S .C. § 1291, and we affirm.
 
 
 3
 Bonaduce argues that the district court erred in dismissing his claim for relief under ORS § 659.410 because he alleged facts sufficient to support a claim that Goodyear's bonus policy had a disparate impact on injured workers. However, § 659.410 applies "only when an employer takes one of the proscribed actions because of a worker's involvement in the workers' compensation system." Lane County v. State, 104 Or.App. 372, 376, 801 P.2d 870, 872 (1990). Bonaduce has not taken any steps to file a worker's compensation claim or otherwise invoked the procedures available under Oregon's workers, compensation system. Therefore, Bonaduce has not met the threshold requirement for bringing an action under § 659 .410.
 
 
 4
 Bonaduce also claims that the district court erred in dismissing his common law wrongful discharge claim, which was premised on the theory that he was terminated for complaining about Goodyear's failure to rectify the dangerous conditions of its vehicles. In Walsh v. Consolidated Freightways, Inc., 278 Or. 347, 563 P.2d 1205 (1977), the Oregon Supreme Court determined that the existing statutory remedies provided under OSHA, 29 U.S.C. § 660(c), were adequate to protect the interests of the employee who was discharged because of complaining about unsafe working conditions. Thus, the court held that the employee was not entitled to pursue a common law tort action for wrongful discharge based on the same conduct. Id. at 352, 563 P.2d at 1208. The court also noted that ORS § 654.062, Oregon's counterpart of the OSHA provision, provided adequate remedies as well. Id. at 352-53, 563 P.2d at 1208-09.
 
 
 5
 Walsh is directly on point and precludes a common law wrongful discharge claim.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The Panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not he cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3